

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED
NOV - 5 2009
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:  ) Case No. 09-23892-B-7
)
TIMOTHY SCHMIDT and ) Chapter 7.
JANET RUSTICI, )
)
    Debtor(s). )
)
_____ )
)
MISSION OAKS DEVELOPMENT, LLC, )
) Adv. No. 09-2498-B
)
    Plaintiff(s), ) SCHEDULING ORDER
)
vs. )
)
XTREME HOMES, LLC, TIMOTHY )
SCHMIDT, JANET RUSTICI, and )
DOES 1 through 100, inclusive, )
)
    Defendant(s). )
)
_____ )

    A status conference in the above-captioned adversary proceeding was held on November 4, 2009 at 9:30 a.m. Appearances were noted on the record. The status conference was the scheduling conference to which reference is made in Federal Rules of Civil Procedure ("FRCP") 16 and 26, which are incorporated in Federal Rules of Bankruptcy Procedure ("FRBP") 7016 and 7026. Except where necessary for clarity, subsequent references to rules will be made only to the FRCP.

    Pursuant to FRCP 16(b) and Local Bankruptcy Rule 7026-1, it



is hereby

ORDERED, that, pursuant to FRCP 26(d), on and after November 17, 2009, the parties may seek discovery from any source.

ORDERED, that the following schedule is established for this Adversary Proceeding (all dates relating to motions (except motions to withdraw the reference - see Jury Demands) are the last date for the <u>hearing</u> on the motion):

| | |
|---|---|
| Last date to make initial disclosures: | November 16, 2009 |
| Last date to take action to preserve jury trial demands: | March 19, 2010 |
| Last date to hear motions asserting failure to state a claim upon which relief can be granted: | January 19, 2010 |
| Last date to hear motions to join additional parties: | January 19, 2010 |
| Last date to hear motions to amend pleadings: | January 19, 2010 |
| Close of non-expert discovery: | April 30, 2010 |
| Last date to disclose initial experts: | April 30, 2010 |
| Close of expert discovery: | June 1, 2010 |
| Last date to hear motions for summary judgment: | July 13, 2010 |
| Pretrial Statements Due: | July 21, 2010 |
| Pretrial Conference: | July 28, 2010 11:00 a.m. |
| Trial: | To be set. |

**JURY DEMANDS**

ORDERED, that if any party believes it is entitled of right to trial by jury on an issue in this adversary proceeding, such party shall file written consent by all parties to a jury trial

in the bankruptcy court (28 U.S.C. § 157(e)) or make a motion to the district court to withdraw the reference of this adversary proceeding. Such consents must be filed or such motions must be made by the date set forth above. Failure to file such consents or make such a motion by the date set forth above constitutes a waiver of the right to trial by jury.

**DISCOVERY LIMITATIONS**

ORDERED, that subject to further order of the court, the only limitations on discovery in this adversary proceeding are those contained in the Federal Rules of Civil Procedure.

**CLOSE OF DISCOVERY**

ORDERED, that close of discovery means that all discovery in this adversary proceeding of the designated kinds shall be completed by the date set forth above. The word "completed" means that all discovery shall have been conducted such that all depositions (including expert depositions, if any) have been taken, interrogatories answered, documents produced, admissions made, and any disputes relative to discovery shall have been resolved by appropriate order, if necessary, and, where discovery has been ordered, compliance with the order has been achieved in all respects.

**MOTIONS FOR PROTECTIVE ORDERS AND
MOTIONS FOR ORDERS COMPELLING DISCLOSURE OR DISCOVERY**

ORDERED, that a motion for a protective order shall comply with FRCP 26(c) and a motion for an order compelling disclosure or discovery shall comply with FRCP 37(a).

ORDERED, that except as otherwise provided herein, a motion for a protective order or a motion for an order compelling disclosure or discovery shall conform to all requirements of Local Rule 9014-1, except that (1) the times specified in Local Rule 9014-1 are hereby shortened, so that, unless otherwise ordered, (A) the motion may be set for hearing not less than fourteen (14) calendar days from the date of service (seventeen (17) calendar days if service is made by mail) of the notice and supporting papers, (B) opposition to the motion must be filed in the Sacramento Division and served not less than seven (7) calendar days before the hearing date, and (C) any reply shall be presented orally at the hearing, and (2) motions on disputes relating to the conduct of a deposition may be made, subject to the court's availability, by telephone during the deposition. A motion for a protective order or a motion for an order compelling disclosure or discovery (other than those relating to the conduct of a deposition that are made telephonically during the deposition) shall be filed in the Sacramento Division within two court days after service.

ORDERED, that a motion for a protective order or a motion for an order compelling disclosure or discovery (other than those relating to the conduct of a deposition that are made telephonically during the deposition) will be heard on any law and motion calendar for Chapter 7 matters. These dates are periodically published on the court's Self-Set Calendar which is available on the court's webpage, www.caeb.uscourts.gov.

ORDERED, every motion for an order compelling disclosure or discovery and every opposition to such a motion shall be supported by one or more declarations of the party's fees and expenses incurred in preparation of the motion or opposition thereto so the court may make an award contemporaneously with its ruling on the motion, as contemplated by, e.g., FRCP 37(a)(5).

## DISCLOSURE OF EXPERTS

ORDERED, that disclosure of experts means: (a) that the names of all experts who may be called to testify at trial have been designated in writing and served upon all other parties not later than the date specified above <u>and</u> (b) that copies of all written expert reports that may be offered in evidence at trial have been served upon all other parties not later than the date specified above. All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. An expert witness not disclosed by the date set forth above will not be permitted to testify except by order of the court. The court will not grant permission for the testimony of a late-designated expert unless the party offering the expert demonstrates, at a minimum, that: (a) the necessity of the expert could not have been reasonably anticipated prior to the date set forth above for disclosure of experts; (b) the court and all opposing parties

were promptly notified upon discovery of the necessity for the expert; (c) the expert was disclosed in the manner set forth above promptly after discovery of the necessity for the expert; and (d) the expert was promptly proffered for deposition.

**MOTIONS**

ORDERED, that required motions, including dispositive motions (except motions to withdraw the reference - see Jury Demands), must be heard by the date(s) set forth above. The term "dispositive motion" includes all motions for summary judgment and all motions for partial summary judgment. If any party believes or has asserted by way of affirmative defense that all or any part of the complaint or a counterclaim fails to state a claim upon which relief can be granted, such party shall schedule (on normal notice) a hearing on a motion asserting that contention by the date set forth above. Failure to schedule such a motion by the date set forth above constitutes a waiver of the contention that all or any part of the complaint or counterclaim fails to state a claim upon which relief can be granted. Dispositive motions shall be determined on declarations pursuant to FRBP 7056 and 9017 and FRCP 43(e) and 56.

**PRETRIAL CONFERENCE**

ORDERED, that a pretrial conference will be held on the date set forth above, at 11:00 a.m., in Courtroom 33, Sixth Floor, United States Courthouse, 501 I Street, Sacramento, California 95814. Trial counsel must appear in person at the pretrial conference; no telephone appearances will be allowed.

**PRETRIAL STATEMENTS**

ORDERED, that a pretrial statement must be filed and served by each party no later than five court days prior to the pretrial conference. Each party's pretrial statement shall state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions, and in the following order:

(1) <u>Jurisdiction-Venue</u>. The factual and statutory basis of federal jurisdiction and venue, whether there is any dispute concerning jurisdiction or venue, and whether this is a core proceeding.

(2) <u>Undisputed Factual Issues</u>. A plain, concise statement of each element of each claim or defense that is undisputed and does not require proof at trial.

(3) <u>Disputed Factual Issues</u>. A plain, concise statement of each element of each claim or defense (and any related essential facts) that is disputed and that requires proof at trial.

(4) <u>Disputed Evidentiary Issues</u>. A plain, concise summary of any reasonably anticipated disputes concerning admissibility of evidence.

(5) <u>Relief Sought</u>. The elements of monetary damage, if any, and the specific nature of any other relief sought.

(6) <u>Points of Law.</u> A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be

expected to be in controversy, citing the pertinent statutes, rules, cases, and other authorities relied upon. Extended legal argument is not required in the pretrial statement.

(7) <u>Abandoned Issues</u>. A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and affirmative defenses.

(8) <u>Witnesses</u>. A list (names and addresses) of all prospective witnesses, and designating those who are expert witnesses. Only witnesses so listed will be permitted to testify at trial, except true rebuttal witnesses in the court's discretion and except as otherwise provided by the pretrial order. Unless the court directs that the alternate direct testimony procedure (direct testimony submitted by declaration) will be used at trial, witnesses shall be presented for live direct and cross-examination.

(9) <u>Exhibits - Schedules and Summaries</u>. A list of documents or other exhibits that the party expects to offer at trial, except documents or other exhibits used solely for impeachment. Specifications of broad categories of documents are not permissible document designations. Each document must be designated by a description sufficient to identify it individually. Only exhibits so listed may be offered at trial, except as otherwise provided in the pretrial order.

(10) <u>Discovery Documents</u>. A list of all deposition excerpts, answers to interrogatories, and responses to requests for admissions that the party expects to offer at trial.

(11) <u>Further Discovery or Motions</u>. Any requests for further discovery or pretrial motions shall set forth the grounds for relief from this scheduling order. Requests for relief from this scheduling order are not favored and will ordinarily be denied unless the moving party makes a strong showing of diligence in complying with this scheduling order.

(12) <u>Stipulations</u>. Any stipulations requested or offered for pretrial or trial purposes.

(13) <u>Amendments - Dismissals</u>. Any requests for amendments to pleadings, dismissals, additions, or substitutions of parties shall set forth the grounds for relief from this scheduling order. Requests for relief from this scheduling order are not favored and will ordinarily be denied unless the moving party makes a strong showing of diligence in complying with this scheduling order.

(14) <u>Agreed Statements</u>. A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.

(15) <u>Attorney's Fees</u>. A statement whether attorney's fees are sought and the basis therefor.

(16) <u>Miscellaneous</u>. Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including reference to any matters set forth in Federal Rule of Civil Procedure 16(c) and Federal Rule of Bankruptcy Procedure 7016.

## TRIAL

ORDERED, that the trial of this adversary proceeding will be set at the pretrial conference. Trial date(s) and trial time allotted are firm, and they will not be altered except in exceptional circumstances on order of the court. Unless otherwise ordered by the court in the Pre-Trial Order, Local Bankruptcy Rule 9017-1 will not apply at trial.

## SANCTIONS FOR FAILURE TO COMPLY

ORDERED, that if any plaintiff fails to file a timely Pre-Trial Conference Statement that complies with the requirements of this order or fails to appear at the Pre-Trial Conference set above, then in addition to assessing monetary sanctions, the court may dismiss the complaint, or dismiss the non-compliant plaintiff(s) from the adversary proceeding, pursuant to Bankruptcy Rule 7041, incorporating F.R.Civ.P. 41(b), for failure to prosecute and failure to obey an order of the court and/or pursuant to Bankruptcy Rule 7016, incorporating F.R.Civ.P. 16(f), for failure to attend and participate meaningfully in a pre-trial conference.

ORDERED, that if any defendant fails to file a timely Pre-Trial Conference Statement that complies with the requirements of this order or fails to appear at the Pre-Trial Conference set above, then in addition to assessing monetary sanctions, the court may order that the averments of the complaint, except averments relating to the amount of damages, are deemed established as to the non-compliant defendant(s) for purposes of

this adversary proceeding pursuant to Bankruptcy Rule 7016, incorporating F.R.Civ.P. 16(f) and F.R.Civ.P. 37(b)(2)(A), for failure to obey an order of the court and failure to attend and participate meaningfully in a pre-trial conference.

**MODIFICATION**

ORDERED, that this scheduling order may be modified, for cause, only on the motion of a party or on a court-approved stipulation among all parties. Except for motions made and stipulations presented within thirty days after the date hereof based on conflicts created by the dates chosen by the court, requests for relief from or modification of this scheduling order are not favored and will ordinarily be denied unless the requesting party makes a strong showing of diligence in complying with this scheduling order.

Dated: NOV - 4 2009

_Thomas C. Holman_
United States Bankruptcy Judge

-11-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| Mark B. Aldrich | Timothy Joseph Schmidt | Janet Louise Rustici |
| 303 Twin Dolphin Dr 6th Fl | 3983 S McCarran Blvd #154 | 3983 S McCarran Blvd #154 |
| Redwood City CA 94065 | Reno NV 89502-7510 | Reno NV 89502-7510 |

John W. Reger
280 Hemsted #C
Redding CA 96002

DATED: 11/6/09            By: _____
                              Deputy Clerk

EDC 3-070 (New 4/21/00)